UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 22-cv-60355-JEM/Becerra

TONY LAWSON,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

**THIS CAUSE** came before the Court on the Parties' cross motions for summary judgment.[1] Plaintiff Tony Lawson, who is proceeding *pro se*, filed a Motion for Summary Judgment ("Plaintiff's Motion"). ECF No. [24]. Defendant, the Acting Commissioner of Social Security ("Commissioner"), filed a Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Defendant's Motion"). ECF Nos. [25], [26].[2] The Court must now determine whether the decision reached by the Administrative Law Judge ("ALJ") is supported by substantial evidence and whether the correct legal standards were applied. After a careful review of the Motions, the record, and all relevant authorities, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion be **DENIED** and that Defendant's Motion be **GRANTED**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [2].

[2] Although the Docket reflects that Defendant filed a separate Response to Plaintiff's Motion for Summary Judgment, ECF No. [26], it is the same document as Defendant's Motion, ECF No. [25].

1

I.  **BACKGROUND**

When Plaintiff was a child, he received Supplemental Social Security Income benefits based on the Commissioner determination that he suffered from a disability, namely attention deficit hyperactivity disorder ("ADHD"). R. 112-20.[3] When Plaintiff turned eighteen years old, the Commissioner redetermined Plaintiff's eligibility for disability benefits under the rules for determining disability in adults. R. 276-81. It is this redetermination that is at issue in this lawsuit.

The redetermination resulted in a finding that Plaintiff was no longer disabled as of April 18, 2019. *Id*. Plaintiff's request for reconsideration was denied, and Plaintiff requested a hearing before an ALJ. R. 28, 347-67. The ALJ held two hearings, on January 6, 2021 and April 20, 2021, at which Plaintiff and a vocational expert testified. R. 57-90, 91-104. On July 30, 2021, the ALJ issued a written decision in which she concluded that Plaintiff's disability ended on April 18, 2019, and that he had not become disabled again since that date. R. 29-40. The Appeals Council denied Plaintiff's request for review of this decision in January 2022, making the ALJ's decision the final decision of the Commissioner. R. 1-4. Plaintiff thereafter filed the instant action. ECF No. [1]. Set forth below is a summary of those portions of the administrative record that are relevant to resolution of the Motions.

A. **The ALJ's Opinion**

The ALJ found that since April 18, 2019, Plaintiff has the severe impairments of ADHD, mild depression and borderline intellectual functioning. R. 30. The ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. 30-33. The ALJ then determined that Plaintiff has the

---

[3] References herein to "R. at __" are to the Social Security transcript, which can be found at ECF No. [11]. The page numbers to the transcript referenced herein refer to those assigned by the Court's electronic docketing system as found on the top right corner of the page.

residual functional capacity ("RFC") to perform "a full range of work at all exertional levels as the claimant has no exertional limitation" with the following mental limitations: (i) Plaintiff has the capacity to understand, remember, and carry-out simple instructions and perform simple, routine, and repetitive tasks as consistent with unskilled work; (ii) Plaintiff cannot be subjected to any mandated production quota; (iii) Plaintiff cannot have in-person contact with the public, although incidental contact is allowed; and (iv) Plaintiff can have only occasional interaction and coordination with coworkers and supervisors. R. 33.

In determining the RFC, as is relevant to the instant Motions, the ALJ relied on the examination findings of Plaintiff's treating psychiatrist, Dr. Victoria Baskin. R. 35-36. In particular, the ALJ noted, among other things, that between May 2018 and February 2019, Dr. Baskin found that Plaintiff had decent or good grades, was doing well academically, had completed the 11th grade, was essentially normal on objective examination while continuing his medication, and was stable. *Id*. The ALJ also noted that in April 2019, Dr. Baskin found that Plaintiff, then in the 12th grade, had no issues with focusing and concentration, and continued to be stable and essentially normal in all aspects. R. 36. The ALJ further noted that in July 2019, Dr. Baskin again found Plaintiff was essentially normal in all aspects, except for depressed mood and blunt affect for which Dr. Baskin increased Plaintiff's medication. *Id*. The ALJ concluded that "[t]he objective findings by treating psychiatrist Dr. Baskin during the relevant period strongly support that the claimant is able to perform work as defined in the residual functional capacity finding." *Id*.

The ALJ then found that Plaintiff has no relevant work and has at least a high school education. R. 44. Based on testimony of the vocational experts, and in light of Plaintiff's age, education and RFC, the ALJ found that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," namely, the occupations

3

of church janitor, kitchen helper, cleaner and marker.  R. 44-45.  The ALJ specifically stated that "**[t]he undersigned is convinced that the claimant will be successful in the job market and recommends the claimant seek job assistance from the Department of Vocational Rehabilitation, Salvation Army Job Resources and Goodwill Job Connection Services.**"  R. 45-46.  Ultimately, the ALJ concluded that "[t]he claimant's disability ended on April 18, 2019, and the claimant has not become disabled again since that date."  R. 46.

### B. The Instant Motions

Plaintiff filed a Motion for Summary Judgment, but it is devoid of any argument or legal authority.  ECF No. [24].   The Motion states only that "Plaintiff is asking this honorable Court to render a favorable ruling on [his] petition for relief in this pending cause" and "[t]o aid in your deliberation kindly consider the attached exhibits."  *Id*. at 1.  The only document attached to Plaintiff's Motion is a one-page letter from Dr. Baskin dated June 22, 2022—nearly one year *after* the ALJ issued her decision and approximately six months *after* the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  The letter merely "confirm[s] that [Plaintiff] has been [Dr. Baskin's] client since May 2017," identifies Plaintiff's diagnoses (ADHD, Major Depressive Disorder, Moderate, Generalized Anxiety Disorder and Posttraumatic Stress Disorder), provides the name and dosage of Plaintiff's medications, and states that Plaintiff "has been receiving psychiatric services with medication management of his mental and emotional problems."  *Id*. at 3.  The letter does not identify any functional limitations or examination findings.

The Commissioner filed her own Motion for Summary Judgement and a Response to Plaintiff's Motion.  ECF No. [25].  The Commissioner argues that Plaintiff failed to meet his burden of proving that he continued to be disabled since April 2019, when he turned 18 years old, and that substantial evidence supports the ALJ's decision.  *Id*. at 5-6.  The Commissioner also

4

argues that Plaintiff failed to establish that Dr. Baskin's June 2022 letter warrants remand because Plaintiff did not demonstrate that there is a reasonable probability Dr. Baskin's letter would change the ALJ's decision, or that there was good cause for Plaintiff's failure to submit the letter at the administrative level. *Id*. at 6-10.

## II. ANALYSIS

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The ALJ is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled. *See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

At step one, the ALJ must determine whether the claimant is currently unemployed; at step two, the ALJ must determine whether the claimant suffers from "severe"[4] impairment(s); at step three, the ALJ must determine whether the claimant suffers from an impairment that meets, or medically equals, a listed impairment found under 20 C.F.R. pt. 404, subpt. P, app. 1; at step four, the ALJ must determine whether the claimant is unable to return to his past relevant work given

---

[4] An impairment is considered "severe" if it significantly limits a person's physical or mental ability to do basic work activities for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1522(a)–(b).

his RFC;[5] and if not, at step five, the ALJ must determine whether the claimant is unable to perform other work as it exists in the national economy, given his age, education, RFC, and work experience. *Id.* While "[a]n affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability . . . [a] negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (citing 20 C.F.R. § 416.920(a)–(f)).

Further, judicial review of an ALJ's final decision is limited to whether there is substantial evidence to support the ALJ's findings, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

In reviewing the ALJ's decision, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Instead, so long as the ALJ's findings are supported by substantial evidence, they are conclusive, and the Court must defer to the ALJ's decision. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004); *Hunter v. Comm'r, Soc. Sec. Admin.*, 808 F.3d 818, 822 (11th Cir. 2015). Even if the Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm the Commissioner's decision if the decision is supported by substantial evidence. *See Ellison*, 355 F.3d at 1275. In this respect, "the ALJ has a basic obligation

---

[5] RFC is defined as the "most [a claimant] can still do despite [a claimant's physical and mental] limitations." 20 C.F.R § 416.945(a)(1).

to develop a full and fair record," given that a hearing before an ALJ is not an adversarial proceeding. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). The Court also reviews the ALJ's decision to determine whether the correct legal standards were applied. *Id.* However, no presumption of validity attaches to the ALJ's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

Plaintiff does not challenge any particular step in the ALJ's evaluation process, nor does he identify any portion of the ALJ's decision that is contrary to law or unsupported by substantial evidence. This failure is fatal to his Motion, as Plaintiff bears the burden of proving that he is disabled and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The undersigned has carefully reviewed the ALJ's decision and the administrative record, and is satisfied that the ALJ's reasoned and thorough decision is supported by substantial evidence.

Indeed, Dr. Baskin's June 2022 letter attached to Plaintiff's Motion does not change this result. Sentence four and sentence six of 42 U.S.C. § 405(g) sets forth the exclusive means by which district courts may remand to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence six provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, *and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ....*

42 U.S.C. § 405(g) (emphasis supplied). In order to be entitled to remand under sentence six, a plaintiff must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). "New evidence is evidence that was not in existence or available to the claimant at the time of the administrative proceeding." *Jones v. Comm'r of Soc. Sec. Admin., Miami S. Region*, 497 F. App'x 888, 892 (11th Cir. 2012). Plaintiff has not shown that the information contained in Dr. Baskin's letter was unavailable before the Appeals Council denied reconsideration of the ALJ's decision.

Moreover, Plaintiff has not shown that Dr. Baskin's letter is material. First, Plaintiff has not demonstrated that the letter, which is dated nearly one year after the ALJ's decision, is relevant. For evidence to be material, it "must be chronologically relevant, meaning it must relate to the period on or before the date of the ALJ's decision." *Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x 705, 711 (11th Cir. 2018) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). The letter does not specify what examination period it is based upon, or otherwise indicate when Plaintiff began suffering from the medical conditions listed, other than ADHD.

Second, Plaintiff has not shown a reasonable probability that the ALJ would change her decision if the ALJ were to consider Dr. Baskin's letter. The letter sets forth Plaintiff's diagnoses and medication, as well as a general statement that Plaintiff "has been receiving psychiatric services with medication management of his mental and emotional problems." ECF No. [24] at 3. Diagnoses alone do not support a finding of disability. *See McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir.1986) ("[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical

standards of bodily perfection or normality."); *Moore v. Barnhart,* 405 F.3d 1208, 1213 n. 6 (11th Cir.2005) ("[T]he mere existence of [an] impairment does not reveal the extent to which [it] limit[s] her ability to work or undermine the ALJ's determination in that regard."). Notably, Dr. Baskin's letter does not contain *any* examination findings or functional limitations. Further, the letter does not conflict with Dr. Baskin's detailed clinical notes that are in the administrative record, which the ALJ did consider when issuing her decision and which the ALJ found supported the RFC.

Finally, Plaintiff has not demonstrated good cause for failing to submit Dr. Baskin's letter during the administrative proceedings. The good cause requirement ensures that claimants do not use previously available evidence to "obtain another bite of the apple," and it requires that the evidence did not exist at the time of the administrative proceeding. *Milano v. Bowen,* 809 F.2d 763, 767 (11th Cir. 1987) (citation omitted). Further, "[t]he good cause requirement was designed to avoid the danger of "encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." *Id.* Although Dr. Baskin's letter is dated after the ALJ's decision became final, Plaintiff offers no explanation why he was unable to obtain this letter earlier, and there is no indication that the information set forth in the letter was only recently discovered. Accordingly, Plaintiff has failed to meet his burden to establish that remand is warranted based upon new evidence.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Summary Judgment, ECF No. [24], be **DENIED** and Defendant's Motion for Summary Judgment, ECF No. [25], be **GRANTED**.

## IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on August 23, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**